IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00313-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.      JAREH SEBASTIAN DALKE,

        Defendant.

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT AND FIREARM**

      COMES NOW the United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Tonya S. Andrews, pursuant to 18 U.S.C. § 794(d), 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Fed. R. Crim. R. 32.2(b), and incorporating the Plea Agreement entered into with defendant Jareh Sebastian Dalke, and moves this Court to enter a Preliminary Order of Forfeiture and Forfeiture Money Judgment and Firearm in this case forfeiting to the United States the defendant's interest in the following:

      a.  A money judgment in the amount of $4,628.21; and

      b.  A Sig Sauer P938 Pistol and one (1) empty magazine, S/N 5LB248312, 9mm,

          seized by law enforcement from the defendant on or about September 28, 2022;

and directing the United States, or its designated sub-custodian to seize the property subject to forfeiture, and to publish notice of the forfeiture. In support, the United States states:

**A.**    **Background**

      1.    On October 6, 2022, the grand jury charged defendant Jareh Sebastian Dalke by Indictment with: Attempt to Transmit National Defense Information to An Officer or Agent of a

1

Foreign Government in Count One through Six, in violation of 18 U.S.C. § 794(a). (Doc. 16 at 1-13).

2. In the Indictment, the United States sought forfeiture from defendant Jareh Sebastian Dalke of the following property, pursuant to 18 U.S.C. § 794(d)(1):

   a. Any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations; and

   b. A money judgment in the amount of proceeds obtained by the defendant, which will be credited with any net proceeds obtained from judicially forfeited assets;

(Doc. 16 at 14-15).

3. On October 23, 2023, the United States and defendant Jareh Sebastian Dalke entered into a Plea Agreement. (Doc. 44). The Plea Agreement provides, *inter alia*, that the defendant agreed to plead guilty to the following Counts in the Superseding Indictment: Counts One through Six, Attempt to Transmit National Defense Information to an Officer or Agent of a Foreign Government, in violation of 18 U.S.C. § 794(a), respectively and further agreed to forfeit the above-described property to the United States pursuant to 18 U.S.C. § 794(d). (Doc. 44 at 6-8). Specifically, the defendant agreed to forfeit the proceeds obtained by the defendant and other items seized from his person.[1]

**B.     Legal Argument**

   (i)     Factual Nexus

---

[1] Per the terms of the Plea Agreement, the defendant also agreed to forfeit and abandon all papers, digital media, electronic devices, and other items seized from his residence, vehicle, or person on or about September 28, 2022, and August 22, 2023. The Federal Bureau of Investigation is handling the forfeiture and abandonment of all such items and, therefore, a criminal forfeiture order is not sought for the remaining items seized.

As set forth in the Plea Agreement, the evidence establishes that the requisite nexus exists between the property subject to forfeiture and the offenses to which defendant Jareh Sebastian Dalke has pleaded guilty. Specifically, between on or about August 1, 2022, and September 26, 2022, defendant Jareh Sebastian Dalke using a particular email account, communicated with a person he believed to be associated with the Russian Federation ("Russia"), a country with many interests that are adverse with the United States, but who was, in fact, an Federal Bureau of Investigation Online Covert Employee (OCE). In email communications with the OCE, Dalke stated he was an employee of the U.S. government and that he applied for his current position because he had "questioned our role in damage to the world in the past and by mixture of curiosity for secrets and a desire to cause change." Dalke described the information he had access to as relating to foreign targeting of U.S. systems and information on cyber operations, among other topics. Dalke further noted that he was in financial need and was seeking compensation via a specific type of cryptocurrency in return for providing information he had procured, stating, "[t]here is an opportunity to help balance scales of the world while also tending to my own needs."

Using a cryptocurrency address Dalke provided to the OCE, on or about August 24, 2022, August 25, 2022, September 2, 2022, and September 5, 2022, the OCE deposited the cryptocurrency worth approximately $16,499.04 USD in Dalke's account. Dalke confirmed receipt of each transfer. On or about August 26, 2022, Dalke transferred the first two deposits of cryptocurrency to a cryptocurrency exchange account that he had established for himself. Three days later, Dalke transferred those funds into his bank account. The third and fourth deposits remained in Dalke's cryptocurrency account until they were seized by the FBI, after Dalke's arrest. The government recovered all but $4,628.21 in United States currency which was transferred from Dalke.

On or about September 28, 2022, after accepting the offer of re-employment from the NSA, Dalke departed from his home in Colorado Springs, Colorado, and drove to Denver, Colorado. Dalke parked several blocks away and entered Union Station on foot. Using a laptop computer and the instructions provided by the OCE, Dalke accessed the secure connection and transferred five (5) files, which he named simply "1," "2," "3," "4," and "5." Dalke willfully transmitted the files "2," "3," "4," and "5" all contain Top Secret National Defense Information.

FBI agents arrested Dalke at Union Station moments after he transmitted the files. The FBI also executed search warrants on Dalke's residence, person, and vehicle, and seized various items of evidence, including numerous electronic devices. From Dalke's person, agents recovered, among other items: a firearm, a post-it note containing handwritten instructions matching those provided by the OCE for accessing the secure connection, an SD card, and the laptop Dalke utilized to transmit the files. (Doc. 44, at 18-22).  In particular, the firearm was seized from his person at Union Station.

### Firearm and Ammunition

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the Court shall order criminal forfeiture of any firearm or ammunition involved in or used in any knowing violation of any criminal law of the United States, including violations of 18 U.S.C. § 794(a).  As set forth in the plea agreement, the defendant used the above-identified firearm and ammunition in the commission of the offense.  Accordingly, the defendant's interest in the subject firearms and ammunition is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

2. **Forfeiture Money Judgment**

Pursuant to 18 U.S.C. § 794(d), the Court shall order criminal forfeiture of property

constituting, or derived from, proceeds obtained directly or indirectly as a result of violations of 18 U.S.C. § 794(a). When a personal money judgment is sought, "the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). The Court's determination may be based on a plea agreement, any other evidence already in the record, and any other additional evidence submitted by the parties that the Court deems relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B).

As set forth in the plea, defendant Jareh Sebastian Dalke obtained $16,499.04 USD, as a result of the offenses and the related underlying violations. (Doc. 44 at 1-2, and 19). The government was able to recover all but $4,628.21. Therefore, a Forfeiture Money Judgment in the amount of $4,628.21 should be entered against the defendant for the funds obtained but not recovered from defendant Jareh Sebastion Dalke.

Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture. Fed. R. Crim. P. 32.2(b)(2)(A). It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B).

A Preliminary Order of Forfeiture is necessary in order for the United States to seize the property subject to forfeiture. In addition, 21 U.S.C. § 853(n) requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice, of the forfeiture and the United States' intent to dispose of the property. The United States cannot accomplish the seizure, notice, and publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of

Forfeiture for a Personal Money Judgment and Firearm tendered herewith, for the reasons set forth above.

DATED this 25th day of April 2024.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:   s/ *Tonya S. Andrews*
Tonya S. Andrews
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: Tonya.Andrews@usdoj.gov
*Attorney for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April 2024, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all counsel of record.

*s/ Charisha Cruz*
Paralegal Specialist
Office of the U.S. Attorney
